IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF VIRGINIA

Richmond Division

UNITED STATES OF AMERICA,

v.   Criminal No. 3:12cr189 (DJN)

KEITH LASHON BELL,
  Defendant.

### MEMORANDUM OPINION
### (Granting § 2255 Motion)

Keith Lashon Bell, a federal inmate proceeding with counsel, filed this 28 U.S.C. § 2255 Motion ("§ 2255 Motion") arguing that his firearm conviction under 18 U.S.C. § 924(c) "must be vacated in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), because the conviction is predicated on Hobbs Act conspiracy which can no longer be considered a 'crime of violence.'" (ECF No. 79, at 1.) The Government concedes that Bell is entitled to the relief that he seeks, namely the vacation of his § 924(c) conviction and resentencing on the two surviving counts. (ECF No. 81.) For the reasons stated below, Bell's § 2255 Motion will be GRANTED.

### I.   PROCEDURAL HISTORY

On December 3, 2012, the Government filed a Criminal Information charging Bell with two counts of Conspiracy to Commit Robbery Affecting Commerce ("Hobbs Act Robbery") (Counts One and Three) and one count of Using and Carrying a Firearm During and in Relation to a Crime of Violence (Count Two). (ECF No. 12.) On December 7, 2012, Bell waived formal indictment and pleaded guilty to all three charges. (ECF Nos. 15, 17.) Pursuant to his plea, Bell agreed to a Statement of Facts, wherein the Government set forth that Bell's Count Two conviction was explicitly predicated upon "a crime of violence . . . to wit: Conspiracy to

Commit Robbery Affecting Commerce." (ECF No. 18, at 3–4.) On March 12, 2013, the Court entered judgment against Bell and sentenced him to a total of 300 months of imprisonment. (ECF No. 29.) Specifically, the Court sentenced Bell to 240 months on Counts One and Three, to be served concurrently, and sixty months on Count Two, to be served consecutive to Counts One and Three. (*Id.* at 2.) The Court instructed that Bell's sentence "be served consecutive to any other sentence imposed or [that Bell was] currently serving." (*Id.*) Bell did not appeal his conviction or sentence.

On March 8, 2023, Bell, through counsel, filed a § 2255 motion. (ECF No. 79.) The Government responded in nonopposition on May 8, 2023, affirmatively waiving any defense, including those based upon procedural default and untimeliness, and conceding that Bell's Count Two conviction and sentence are now invalid. (ECF No. 81); *see United States v. Said*, 26 F.4th 653, 658 n.7 (4th Cir. 2022) (noting that the Government may waive statute-of-limitations defenses under § 2255) (citing *Miller v. United States*, 735 F.3d 141, 143 (4th Cir. 2013)); *Wood v. Milyard*, 566 U.S. 463, 474 (2012) (same). Bell did not reply, and his time to do so has now passed. Accordingly, the Court turns to the merits of Bell's Motion.

## II. ANALYSIS

In his § 2255 Motion, Bell asserts that following *United States v. Davis*, 139 S. Ct. 2319 (2019), and *United States v. Simms*, 914 F.3d 229 (4th Cir. 2019), conspiracy to commit Hobbs Act robbery can no longer qualify as a crime of violence under 18 U.S.C. § 924(c), and thus, that his Count Two conviction must be vacated. As explained below, the Government and the Court agree.

### A. Conspiracy to Commit Hobbs Act Robbery Cannot Serve As a Valid Predicate Crime of Violence for the § 924(c) Charge in Count Two

Section 924(c)(1)(A) of title 18 of the United States Code provides for consecutive

2

periods of imprisonment when a defendant uses or carries a firearm in furtherance of a crime of violence. The baseline additional period of imprisonment applicable to Bell's § 924(c) conviction is five years. 18 U.S.C. § 924(c)(1)(A)(i).

At the time of Bell's conviction, the Government could demonstrate that an underlying offense constituted a crime of violence if it established that the offense was (1) a felony and (2) satisfied one of two requirements. Namely, the statute defined a "crime of violence" as any felony:

> (A) [that] has as an element the use, attempted use, or threatened use of physical force against the person or property of another [(the "Force Clause")], or
>
> (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense [(the "Residual Clause")].

*Id.* § 924(c)(3). However, after Bell's conviction, the Supreme Court invalidated the Residual Clause. *Davis*, 139 S. Ct. at 2336 (holding that "§ 924(c)(3)(B) is unconstitutionally vague").

A defendant is guilty of Hobbs Act robbery if he or she "obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery . . . or attempts or conspires so to do . . . ." 18 U.S.C. § 1951(a). That statute defines "robbery" as:

> the unlawful taking or obtaining of personal property from the person or in the presence of another, against his [or her] will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his [or her] person or property, or property in his [or her] custody or possession, or the person or property of a relative or member of his [or her] family or of anyone in his [or her] company at the time of the taking or obtaining.

*Id.* § 1951(b)(1). The Fourth Circuit has determined that *conspiracy* to commit Hobbs Act robbery fails to satisfy the Force Clause. *Simms*, 914 F.3d at 234–53.

In *Simms*, the defendant pleaded guilty to conspiracy to commit Hobbs Act robbery and to brandishing a firearm during and in relation to a "crime of violence," but later challenged his

3

brandishing conviction on the theory that Hobbs Act conspiracy could not be considered a "crime of violence" under 18 U.S.C. § 924(c)(3). *Id.* at 232–33. Initially, the parties and the Fourth Circuit agreed that,

> conspiracy to commit Hobbs Act robbery[ . . . ]does not categorically qualify as a crime of violence under the [Force Clause], as the United States now concedes. This is so because to convict a defendant of this offense, the Government must prove only that the defendant agreed with another to commit actions that, if realized, would violate the Hobbs Act. Such an agreement does not invariably require the actual, attempted, or threatened use of physical force.

*Id.* at 233–34 (citations to the parties' material omitted). Thereafter, the Fourth Circuit concluded that the Residual Clause of § 924(c) is void for vagueness. *Id.* at 236; *accord Davis*, 139 S. Ct. at 2336.

In the wake of *Davis* and *Simms*, the Government concedes that conspiracy to commit Hobbs Act robbery cannot serve as a valid predicate crime of violence for a § 924(c) charge and agrees that Bell's conviction for Count Two and the corresponding sixty-month sentence should be vacated. (ECF No. 81, at 1.)

### B. Count Two Must Be Vacated

In light of *Davis's* invalidation of the Residual Clause and the Fourth Circuit's determination in *Simms* that conspiracy to commit Hobbs Act robbery is not a valid predicate violent felony under the Force Clause, Bell's conviction for Count Two and the resulting sixty-month sentence are no longer valid. Accordingly, Bell's conviction and sentence for Count Two will be vacated.

### C. The Matter Will Be Set for a Resentencing

"The government agrees with Bell that the appropriate remedy is to resentence him on the remaining counts of conviction." (ECF No. 81, at 3 (citing ECF No. 79, at 14)); *see United States v. Hillary*, 106 F.3d 1170, 1172 (4th Cir. 1997) (noting that "the most 'appropriate'

4

remedy is to put § 2255 defendants in the same boat as direct appellants, i.e. to permit resentencing."). Bell also seeks a resentencing as to Counts One and Three. (ECF No. 79, at 14.) Accordingly, the Court will vacate the Judgment entered on March 12, 2013. (ECF No. 29.) The matter will be set for a resentencing on Counts One and Three.

### III. CONCLUSION

Bell's § 2255 Motion, (ECF No. 79), will be granted. Bell's conviction and sixty-month sentence for Count Two will be vacated. The Judgment, (ECF No. 29), will be vacated, and the matter will be set for a resentencing on Counts One and Three.

An appropriate Order shall accompany this Memorandum Opinion.

Let the Clerk file a copy of this Memorandum Opinion electronically and notify all counsel of record.

It is so ORDERED.

/s/
David J. Novak
United States District Judge

Richmond, Virginia
Dated: June 16, 2023